IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SHANNON WAYNE PICKETT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 5:24-CV-00229-CAR-TQL |
| | : | |
| **ROSS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Shannon Wayne Pickett, an inmate in the Macon State Prison in Oglethorpe, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On July 31, 2024, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $5.33 (ECF No. 4). On August 23, 2024, however, this order and other correspondence from the Court were returned as undeliverable with the notation, "Released-Death." Mail Returned 1, Aug. 23, 2024, ECF No. 5. An online news article indicates Plaintiff died on July 21, 2024. *See* https://www.13wmaz.com/article/news/local/inmate-dead-macon-state-prison/93-da045586-80e8-42c4-8e22-2aff33131b37 (last accessed Oct. 16, 2024).

Federal Rule of Civil Procedure 25(a) explains what to do when a party to pending litigation dies. The Rule states:

> (1) *Substitution if the Claim is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the

> decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) *Continuation Among the Remaining Parties*. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

In this case, however, Defendants have not yet been served, making it unlikely that any named Defendant would seek dismissal of this case under Rule 25.[1] No successor or representative has come forward to act on Plaintiff's behalf. And the Court lacks authority to *sua sponte* dismiss this case under Rule 25. *See, e.g., Bradford v. Love*, Civil Action No. 4:22-cv-139-ALM-KPJ, 2023 WL 2546535, at *2 (E.D. Tex. Feb. 23, 2023) (noting that "Rule 25(a) . . . does not grant *sua sponte* powers to dismiss a party without service of a suggestion of death"). Thus, "the path forward is unclear." *Id.*

Given the unusual procedural posture of this case, the Court exercises its discretion

---

[1] Because Plaintiff was a prisoner seeking redress from a government entity, official, or employee, his Complaint is subject to screening under to 28 U.S.C. § 1915A(a) prior to service on the Defendants. During screening, the Court would dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or . . . seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court would also "identify cognizable claims" and order service on the corresponding Defendants. *Id.* In the Court's ordinary practice, this screening would have been conducted after Plaintiff paid the required initial partial filing fee. But Plaintiff never received the Court's order to pay the initial partial filing fee, and the Court has not yet screened Plaintiff's Complaint or directed service on any Defendants.

to **DIRECT** the Clerk to administratively close this case without prejudice to the Plaintiff's successor or representative filing a motion to reopen it. Should Plaintiff's successor or representative file a motion to reopen this action, it must be accompanied by a suggestion of death and a motion for substitution, pursuant to Federal Rule of Civil Procedure 25(a).

**SO ORDERED**, this 18th day of October, 2024.

s/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT